124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gheorghe BORHIDAN and Ana Borhidan, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-2277.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1997.*
Decided July 31, 1997.
 Order
 
 1
 Gheorghe Borhidan and his wife Ana Borhidan, citizens of Romania, entered the United States in 1993 as visitors for pleasure and did not leave when their visas expired. After the INS commenced deportation proceedings against them, each filed an application for asylum. At an evidentiary hearing, each testified to events of persecution in Romania. The Immigration Judge disbelieved their testimony (which was the only evidence they offered) and added that according to State Department reports, which he accepted, neither petitioner faces any prospect of future persecution in Romania. The Board of Immigration Appeals affirmed on the basis of the immigration judge's opinion. We issued a stay of deportation contingent on expedited briefing.
 
 
 2
 Petitioners' first argument is that the BIA violated the due process clause of the Constitution's fifth amendment by adopting the immigration judge's analysis. This contention is inconsistent with Guentchev v. INS, 77 F.3d 1036 (7th Cir.1996), and requires no additional analysis.
 
 
 3
 Petitioners' only other argument is that the immigration judge should have believed their testimony--or at least should have devoted more analysis to explaining why he disbelieved it. Two things are notable about this line of argument.
 
 
 4
 First, it ignores the immigration judge's conclusion, endorsed by the Board, that petitioners do not face a risk of persecution in post-Ceausescu Romania. All of the events that petitioners characterize as persecution occurred either while Nicolae Ceausescu was dictator of Romania or in the turbulent period after his overthrow, before democratic institutions were adopted. The conclusion that Romania does not today engage in political or religious persecution is one that we have already held to be within the Board's discretion. See Dobrican v. INS, 77 F.3d 164 (7th Cir.1996). Only exceptionally severe past persecution justifies asylum when there is no risk of future persecution, Bucur v. INS, 109 F.3d 399 (7th Cir.1997), and the events that petitioners narrated do not meet that standard.
 
 
 5
 Second, the question is not whether the immigration judge wrote a comprehensive opinion, but whether his conclusions on factual matters are supported by substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Petitioners do not deny that their descriptions of what happened to them in Romania have been inconsistent--and inconsistencies are a principal clue that testimony is not describing events that actually occurred. Although they proffered explanations for these inconsistencies, the trier of fact was not required to accept them. The judge's decision is supported by substantial evidence.
 
 
 6
 The order of the Board of Immigration Appeals is affirmed, and the stay of deportation is dissolved.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)